IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ANTHONY CAMPBELL, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:16cv00388 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| BRISTOL VIRGINIA SHERIFF'S OFFICE, | ) | By: Norman K. Moon |
|     Defendant. | ) | United States District Judge |

Anthony Campbell, a Virginia inmate proceeding *pro se*, filed a civil action pursuant to 42 U.S.C. § 1983 against the "Bristol Virginia Sheriff's Office." Having reviewed the complaint, I conclude that Campbell has failed to state a claim against the Sheriff's Office and, therefore, I will dismiss his complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). Inasmuch as Campbell alleges no facts against, or conduct committed by, the Sheriff's Office, I conclude that he has failed to state a claim against the defendant.[1] *See, e.g., Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (noting a plaintiff's basis for relief "requires more than labels and conclusions . . . ."). Accordingly, I will dismiss Campbell's complaint without prejudice pursuant to § 1915A(b)(1). I note that this dismissal is without prejudice to Campbell's opportunity to refile his claims in a separate civil action, alleging claims against the named defendant and/or naming a new defendant.

ENTER: This 16th day of November, 2016.

                                                                      */s/ Norman K. Moon*
                                                                      NORMAN K. MOON
                                                                      UNITED STATES DISTRICT JUDGE

---

[1] The court previously advised Campbell that his complaint failed to state a claim against the named defendant and gave him the opportunity to amend his complaint to correct this deficiency. Campbell responded, but still did not allege any facts against the named defendant or name a new defendant.